**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Cheryle Tilghman**, </br>405 Fawncrest Ct </br>Capital Hgts, MD 20743 </br></br>     Plaintiff, </br></br>     v. </br></br>**Steven T. Mnuchin** </br>**Department of the Treasury**, </br>Internal Revenue Service Agency </br>1500 Pennsylvania Avenue NW </br>Washington, D.C. 20220 </br></br>     Defendant. | Civil Action No. </br></br>**COMPLAINT AND JURY DEMAND** |

## COMPLAINT

Cheryle Tilghman ("Plaintiff"), by and through her undersigned counsel, states and alleges as follows:

### INTRODUCTION

1. This is an action arising out of employment discrimination in violation of the Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §42 U.S.C. §2000e et seq., Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. §791 et seq., and the Age Discrimination in Employment Act of 1967 (ADEA) as amended, 29 U.S.C. §621 et seq. and ADA. 42 U.S.C. § 12131(1) et seq.

2. Plaintiff, is over the age of 40, is a disabled individual with cataract in both eyes, and was subjected to retaliation, and in violation of the ADA and its Rehabilitation Act, excluded and harassed based on her disability. Her medical information was not protected and revealed to her coworkers, per se violation of Rehabilitation Act.

1

3. Title II of the ADA prohibits the unjustified treatment of persons with disabilities, *see* 42 U.S.C. § 12132; Olmstead, 527 U.S. 581 (1999), and requires state and federal agencies and other public entities to "administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. § 35.130(d). The Rehabilitation Act similarly prohibits discriminating against individuals with disabilities, and requires that they provide services and supports in the most integrated setting appropriate to the needs of individuals with disabilities and protect confidential medical records. 29 U.S.C. § 794, 45 C.F.R. § 84.4.

4. Ms. Tilghman was targeted, harassed based on her disability, her annual evaluation was negatively impacted, her medical information was revealed in her annual evaluation (which was negatively impacted) and she was excluded as a result of her disability, race and age.

## JURISDICTION

1. The court has jurisdiction over the lawsuit based on action for discrimination; arising under Title VII. 42 US.C. §2000e-2, 29 .CFR 1614.202, 29 CFR 1620, Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623 et seq., as well as Jurisdiction of this Court is invoked pursuant to 28 U.S.C.§§451 (judiciary), 28 U.S.C.§1331 (federal question), 28 U.S.C. §1343 (civil rights), 29 U.S.C.§626(b) (ADEA Enforcement, Age Discrimination in Employment Act, 29 U.S.C. §633a) and 42 U.S.C. §2000e-5(f)(1)(unlawful employment practices) and (Title VII Enforcement) and 42 U.S.C. §1981a(equal rights); ADA. 42 U.S.C. § 12131(1).

## VENUE

2. The employment practices of Defendant alleged to be unlawful were committed within the jurisdiction of the District of Columbia. In addition, Defendant maintains its primary business location within the jurisdiction of the District of Columbia. Accordingly, venue is proper pursuant to 28 U.S.C. §1391(b)(1)&(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Prior to filing this action, Plaintiff timely filed with Equal Employment Opportunity Commission, asserting Defendant's discrimination and violation of the Rehabilitation Act. In conformance with the law, Plaintiff has exhausted administrative remedies, therefore all conditions precedent to the Plaintiff maintaining this civil action have occurred or been waived.

## PROTECTED CLASS MEMBERSHIP

4. This lawsuit is brought under 42 U.S.C. §2000 et. Seq. (Title VII) and its counterpart 42 U.S.C. §1981 and 29 U.S.C. §626(b). Title VII and §1981 prohibit employers form discriminating "against any individual with respect to their compensation, terms, conditions, or privileges of employment because of such individual's disability, race, color, religion, sex or national origin. See: 42 U.S.C. §2000e-2(a). Additionally, this lawsuit is brought pursuant to the Age Discrimination Act 29 U.S.C. §636. Plaintiff identifies that she is over forty (40) years old; and subjected to harassment based on her age and reprisal for having complained to management about the harassment and discrimination by her mangers.

## PARTIES

5. The Internal Revenue Service an agency of the United States federal government. The government agency is a bureau of the Department of the Treasury, and is under the immediate direction of the Commissioner of Internal Revenue. Defendant is located 1500 Pennsylvania Avenue NW, Washington DC 20220.

6. Ms. Tilghman has been employed with the IRS since 2001.

7. At all times relevant to this action, Defendant was and is an "employer" within the meaning of 29 U.S.C. § 203(d).

## STATEMENT OF FACTS

8. At the time of events giving rise to this complaint, Ms. Tilghman worked as Secretary, GS-0318-10 at the agency's Office of Research, Analysis, and Statistics in Washington, DC.

9. Ms. Tilghman is over the age of 40, (YOB 1960).

10. Ms. Tilghman has cataract in both eyes which requires certain accommodations.

11. Plaintiff's first level supervisor was William Hannon and her second level supervisor was Patricia McGuire.

12. On March 13, 2012, Ms. Tilghman's Supervisor acknowledged receipt of a doctor's note pertaining to the examination of Ms. Tilghman's eyes which revealed cataracts in both eyes.

13. Mr. Hannon targeted with inappropriate e-mails and taunts and gestures that were referencing her disability.

14. On or about March 28, 2012 her supervisor Mr. Hannon, shared information regarding Ms. Tilghman's disability with employees who did not need to know.

15. On May 30, 2012, her managers retaliated against her, when her performance

appraisal for the period of June 1, 2011 through May 31, 2012 was lowered and contained negative narrative.

16. Ms. Tilghman, was harmed by her supervisor's revealing of her disability on her performance appraisal, a prima facie violation of the Rehabilitation Act.

17. Ms. Tilghman was not permitted to do her job and forced to file an EEO Complaint and she states she"could not take it anymore." " I was forced up against the wall." She describes how her co-workers knew of her disability. It was greatly disturbing to Complainant that her co-workers knew of her disability. They witnessed the harassment, heard of it and came to know of it from the per se violation of the Rehabilitation Act, when her supervisor included information of Complainant's disability in her performance appraisal. Ms. Tilghman has considered this violation as part of her harassment claim.

18. Ms. Tilghman was in need of accommodation for her cataract, but she was harassed and berated, she was not provided with the necessary accommodation she needed for her job. She was not able to see properly and as a result was berated and targeted by her supervisor, and her annual evaluation negatively impacted.

19. Her supervisor was aware of her disability. Her supervisor gave her a negative annual evaluation and harassed her because of her disability, he also included her disability in the annual evaluation.

20. She was directly impacted by having her medical information revealed.

21. Ms. Tilghman went through pain and suffering "broke down" in her dotor's office.

22. Ms. Tilghman was also crying at work, because she was being targeted and one of the direct manners of being targeted was having her information (medical information) revealed. Ms. Tilghman is a very private person.

23. Ms. Tilghman was having a "break down" because Mr. Hannon targeted her for her disability and he revealed her disability in her job evaluation, even after she complained to others.

24. Her pain and suffering is a direct violation of such a per se violation of the Rehabilitation Act, violation of the ADA and Title VII, as well as retaliation for having protected her rights and request for accommodations.

## COUNT I
## VIOLATION OF TITLE II
## OF THE AMERICANS WITH
## DISABILITIES ACT

25. The allegations of Paragraphs above of the Complaint are hereby realleged and incorporated by reference.

26. Defendant is subject to title II of the ADA. 42 U.S.C. § 12131(1).

27. Defendant violates the ADA by;

   a. refusing to accommodate Ms. Tilghman in a timely manner and
   b. harassing her for her disability and
   c. revealing her disability by including it in her annual evaluation
   d. using her disability to negatively impact her annual evaluations.

28. Defendant's actions constitute discrimination in violation of title II of the DA, 42 U.S.C. § 12132, and its implementing regulations, 28 C.F.R. Part 35.

## COUNT II
## VIOLATION OF SECTION 504
## OF THE REHABILITATION ACT

29. The allegations of Paragraphs above, of the Complaint are hereby realleged and incorporated by reference.

28. IRS discriminates against "qualified individual[s] with a disability" such as Ms.

6

Tilghman within the meaning of the Rehabilitation Act by administering programs and services for individuals with disability in a manner that denies individuals the opportunity to receive accomodations in the most integrated setting appropriate to their needs. 29 U.S.C. § 794; 45 C.F.R. § 84.4.

29. Ms. Tilghman's personal and protected medical private information, regarding her disability was revealed on her annual evaluation by her supervisor, in per se violation of the RehaBilitation Act.

## COUNT III
## (VIOLATION OF TITLE VII OF
## THE CIVIL RIGHTS ACT OF 1964)

32.. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 31 above, as if fully set forth herein.

33. The Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against an employee on the basis of age, diability, race and gender in the enjoyment of all benefits, privileges, terms and conditions of employment. Plaintiff is a members of a protective class.

33. Defendant discriminated against Plaintiff by using her disability to give her a negative annual evaluation and by not accommodating her disability and retaliating against her for her disability by revealing her disability to her co-workers. Defendant's illegal actions thus described above constitute discrimination in violation of Title VII of the Civil Rights Act of 1964.

34. Defendant's illegal actions described above, directly and proximately caused, and continue to cause, Plaintiff to suffer loss of income and other financial benefits, a loss of

future professional opportunities and future income, pain and suffering, humiliation, indignity, personal embarrassment and damage to her professional reputation.

35. Defendant engaged in its discriminatory actions described above with malice or with reckless indifference to the Plaintiff's legal rights.

**COUNT IV**
**(VIOLATION OF THE D.C.**
**HUMAN RIGHTS ACT OF 1977)**

36. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 35 above, as if fully set forth herein.

37. The District of Columbia Human Rights Act prohibits an employer from discriminating against an employee on the prohibits an employer from discriminating against an employee on the basis of age, race, disability and gender in the enjoyment of all benefits, privileges, terms and conditions of employment. Plaintiff is a members of a protective class.

38. Defendant discriminated against Plaintiff by knowingly failing to timely accommodate her disability and revealing her disability on her annual evaluation and harassing her with inappropriate e-mails. Defendant had no legitimate business reason to deny Plaintiff accommodation in a timely manner, or to reveal her disability to the public. Defendant's illegal actions thus described above constitute discrimination in violation of the District of Columbia Human Rights Act, D.C. Code § 2-1401.01, et seq.

39. Defendant's illegal actions described above, directly and proximately caused, and continue to cause, Plaintiff to suffer loss of income and other financial benefits, a loss of future professional opportunities and future income, pain and suffering, humiliation, indignity, personal embarrassment and damage to her professional reputation.

40. Defendant engaged in its discriminatory actions described above with malice or with reckless indifference to the Plaintiff's legal rights.

## COUNT V
## (RETALIATION)

41. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 40 above, as if fully set forth herein.

42. Defendant retaliated against Plaintiff as a direct result of Plaintiff cross-filing her complaint with the D.C. Office of Human Rights and the EEOC.

42. Defendant's conduct as alleged above constitutes retaliation against the Plaintiff because she engaged in activities protected by Title VII, and the D.C. Human Rights Act. Defendant had no legitimate business reason to deny Plaintiff's timely need for accommodations and to reveal her private medical information to her coworkers, and any reasons offered are pretextual and false in nature.

43. Defendant's illegal actions described above, directly and proximately caused, and continue to cause, Plaintiff to suffer loss of income and other financial benefits, a loss of future professional opportunities and future income, pain and suffering, humiliation, indignity, personal embarrassment and damage to her professional reputation.

44. Defendant engaged in its discriminatory actions described above with malice or with reckless indifference to the Plaintiff's legal rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for her and against Defendant and;

(a) Compensatory damages in the exact amount to be determined at trial, but in no event less than $500,000.00;

(b) Punitive damages, if appropriate, in an exact amount to be determined at trial, but in no event less than $500,000.00;

(c) Attorneys' fees and costs; and

(d) Such further relief as this Court deems just and fair.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable herein.

**DATED:** December 26, 2017

Respectfully submitted,

　/s/　Shameela Sarah Shah
Shameela Sarah Shah #995094
1310 L Street NW
Suite 750
Washington DC 20005
202-450-1059